UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff,*
v.                                      CASE NUMBER:  4:22-mj-30177

REGINALD L. HUNTER,

    *Defendant.*
_____/

**ORDER DENYING THE UNITED STATES OF AMERICA'S MOTION
FOR RECONSIDERATION (ECF No. 16)**

This matter is before the Court upon the Government's Motion for Reconsideration.  (ECF No. 16).  Mr. Hunter is charged by way of Criminal Complaint in the Eastern District of Michigan with Conspiracy to Commit Murder for Hire in violation of 18 U.S.C. § 1958(a).  The Government moved for pretrial detention pursuant to 18 U.S.C. § 3142(f)(2)(B) maintaining a serious risk that Hunter "will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness."  On April 20, 2022, the undersigned Magistrate Judge convened a hearing to determine whether the Government was entitled a detention hearing.  During that hearing, the

Court received information proffered by the Government,[1] and oral argument from counsel for the Government and for the Defendant.  After stating reasons on the record, the Court found the Government failed to meet its burden that Hunter presented a serious risk he would obstruct justice or threaten, injure, or intimidate any witnesses.  Indeed, the nature and substance of the telephone calls are threatening and serious.  The Government rightly takes Mr. Hunter's threats seriously, and the Court does as well.  But the record contains little, if any, evidence showing that Mr. Hunter had plans to make good on his threats or otherwise take steps to carry them out.  While the nature of the alleged offense raises concern, at most the record shows that there is a potential risk inherent in all cases to the safety of others and the community.  But federal law sets a higher standard.

### A. The Bail Reform Act

The Bail Reform Act of 1984 allows federal courts to detain an arrestee pending trial if, during an adversary hearing, the Government demonstrates by clear and convincing evidence that no release conditions "will reasonably assure …

---

[1] "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." 18 U.S.C. § 3142(f); *see also United States v. Webb*, 238 F.3d 426 (table), 2000 WL 1721060, at *2 (6th Cir. 2000) ("[T]he government may proceed in a detention hearing by proffer or hearsay.")

the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), (f)(2)(B). First, however, the Government must establish by a preponderance of the evidence that it is entitled to a detention hearing. *See United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988); *see also United States v. White*, 2021 WL 2155441, at *7-10 (M.D. Tenn. May 27, 2021); *United States v. Runsdorf*, 2022 WL 303548, at *4 (S.D. Fla. Jan. 24, 2022). Pursuant to § 3142(f) the Government can request a pretrial detention hearing if: (1) the charged offense falls within any of the five subcategories set forth in § 3142(f)(1)(A)-(E), or (2) the defendant poses a serious risk of flight; or there is a serious risk that the defendant will attempt to obstruct justice, or threaten, injure, or intimidate a witness or juror. 18 U.S.C. § 3142. Section 3142(f)(1) thus performs a gate-keeping function by "limit[ing] the circumstances under which [pretrial] detention may be sought to the most serious of crimes." *United States v. Salerno*, 481 U.S. 739, 747 (1987).

**B. Discussion**

Here, during the hearing, the Government conceded that Hunter's offense did not fall within one of the five subsections set forth in 18 U.S.C. § 3142(f)(1) and therefore sought to demonstrate they had a right to seek pretrial detention under § 3142(f)(2) maintaining that Hunter presented a serious risk he would threaten prospective witnesses. Yet the government's position on this issue has since changed and they now contend "the offense involved both a crime of

violence and the possession of a firearm, and therefore the government is entitled to a detention hearing." (ECF No. 16, PageID.33). The Government further asserts "conspiracy to commit murder for hire involves a substantial risk that the goal of the conspiracy will be accomplished or at a minimum that physical force will be used against the person of another. Conspiracy to commit murder for hire is therefore a crime of violence within the meaning of the Bail Reform Act." (*Id*. at PageID.34). They also allege, "Hunter's offense involved the possession of a firearm, which is another basis for which the government should be entitled to a detention hearing. By the plain language of the 3142(f)(1)(E), there is no requirement that the government *charge* the defendant with possession of a firearm. Rather, the offense must only 'involve' the use of the firearm." *Id*.

The government's position is unsustainable. The Supreme Court has long held that to be a crime of violence under the force clause, a crime must *categorically* involve the use of force. *See Taylor v. United States*, 495 U.S. 575, 588-90 (1990). In other words, it is not enough that the evidence in the case shows that the defendant planned to commit the charged predicate crime in a way that would have involved the use of force. Instead, the predicate crime must be one whose elements are defined in such a way that the crime must, "in every instance[,] by its very definition, involve[ ] the use of force." *United States v. Martinez*, 991 F.3d 347, 353 (2d Cir. 2021). That said, if an offense includes alternative elements

4

for conviction, as does 18 U.S.C. § 1958(a), the murder for hire conspiracy statute, a "modified categorical approach" is used to determine "which element played a part in the defendant's conviction." *Descamps v. United States*, 570 U.S. 254, 260 (2013). If the "most innocent" or "minimum criminal" conduct does not constitute "a crime of violence," then the offense categorically fails to qualify as a "crime of violence." *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006).

Section 1958(a) provides that:

> (a) Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined under this title or imprisoned for not more than twenty years, or both; and if death results, shall be punished by death or life imprisonment, or shall be fined not more than $250,000, or both.

18 U.S.C. § 1958(a). The statute defines the crime as involving five forms of conduct. *Fernandez v. United States*, 2021 WL 5113406, at *6 (S.D. N.Y. November 3, 2021). Title 18 U.S.C. § 16(a), in turn, defines "crime of violence" as "an offense that has as an element the use … of physical force against the person or property of another," and § (b) defines it as "any other offense that is a

5

felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." None of these five forms of conduct involves the use or attempted use or threatened use of physical force. *Fernandez*, 2021 WL 5113406, at *6.

In *United States v. Ransbottom*, 914 F.2d 743 (6th Cir. 1990), the Sixth Circuit considered the elements of the murder for hire statute. The *Ransbottom* court held that § 1958 permitted a conviction if "a defendant traveled in interstate commerce with the intent that a contract murder be committed." *Id.* at 746. Examination of the decision in *Ransbottom* makes clear that "under the categorical approach that a violation of § 1958 can occur without the 'use, attempted use, or threatened use of physical force' against another person." *United States v. Cordero*, 973 F.3d 603, 625-26 (6th Cir. 2020) (citing *United States v. Boman*, 873 F.3d 1035, 1042 (8th Cir. 2017) ("[M]urder-for-hire can only constitute a crime of violence under the residual clause of § 924(c)(3)(B), and not under the force clause of § 924(c)(3)(A), because it does not have 'as an element the use, attempted use, or threatened use of physical force against the person or property of another.'")).[2] Further, as in *Ransbottom*, the crime may be committed without a substantial risk that physical force against the person or property be used.

---

[2] In *Cordero*, 973 F.3d at 625, the Government also acknowledged that a violation of § 1958 was not a "crime of violence" as used in the Sentencing Guidelines.

While it is true that *Ransbottom* did not address the precise issue presented here, its principles may be equally applied. The Court thus finds that § 1958 as charged here does not constitute a crime of violence.[3] The authorities relied on by the Government do not compel a different conclusion. Accordingly, and for good cause, it is

**ORDERED** that the Government's motion to reconsider (ECF No. 16) is **DENIED**.

Done, on this 27th day of April, 2022.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

---

[3] Interestingly, in *United States v. Davis*, 2020 WL 4284315, at *2 (E.D. Mich. July 27, 2020), the Government conceded this point in asserting "That an un-enhanced version of § 1958 (i.e. no injury or death) is not a crime of violence … but the Defendants are not charged with an un-enhanced version of § 1958)."